```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

JUNE NURSE,                    )
          Plaintiff,           )
                               )
     v.                        )  C.A. No. 04-10537-NMG
                               )
SINGER & SERGER CENTER,        )
          Defendant.           )
```

### MEMORANDUM

For the reasons stated below, plaintiff is advised that this action is subject to dismissal unless plaintiff demonstrates good cause why her complaint should not be dismissed.

### BACKGROUND

In her pro se complaint, plaintiff June Nurse of Boston alleges that on February 17, 2002, plaintiff paid $387 to the defendant Kentucky company for a sewing machine. See Complaint ("Compl."), ¶ 1. She complains that the sewing machine was never delivered. Id. Plaintiff invokes this Court's jurisdiction pursuant to Title 15; 28 U.S.C. 1337; 42 U.S.C. §§ 1991, 1985(3); and M.G.L. ch. 93, 93A. Id. at ¶ 3.

### REVIEW

Because plaintiff filed this complaint without prepayment of the filing fee, summonses have not issued in order to allow the Court to review plaintiff's complaint to determine if it satisfies the requirements of the federal in forma pauperis statute. See 28 U.S.C. § 1915. Section 1915 of title 28

authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees, at any time, if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## DISCUSSION

### I. Subject Matter Jurisdiction

In order for this Court to review plaintiff's claims, it must either have diversity or federal question subject-matter jurisdiction. See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction). As explained below, infra., ¶¶ II - IV, this Court lacks subject matter jurisdiction over plaintiff's claims.

### II. Plaintiff's Federal Claims

To the extent plaintiff brings her claim pursuant to Section 1985(3), her claim is subject to dismissal. Section 1985(3) deals with conspiracies intended to deprive an

2

individual or class of persons of protected rights based on "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).

Section 1985 of title 42 concerns conspiracies to violate civil rights.  Because plaintiff has failed to allege facts that indicate that the defendant was motivated by any class-based, invidiously discriminatory animus, plaintiff's claim under Section 1985(3) is subject to dismissal.  Siaca v. Autoridad de Acueductos y Alcantarillados de Puerto Rico, 160 F. Supp. 2d 188, 203-204 (D. P.R. 2001); see Romero-Barcelo v. Hernandez Agosto, 75 F.3d 23, 35 (1st Cir. 1996) (conclusory statements are insufficient to support a § 1985(3) claim); accord Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977).

   To the extent plaintiff seeks to bring this action pursuant to 42 U.S.C. § 1991, the Court notes that there is no such subsection in Title 42.

   To the extent plaintiff seeks to assert a claim under Title 15 of the United States Code (commerce and trade), she does not indicate which subsection of this title she seeks to bring suit.

   To the extent plaintiff brings this action pursuant to 28 U.S.C. 1337, this section does not provide a jurisdictional

basis for this Court to hear plaintiff's claim.

III.    <u>Diversity Jurisdiction</u>

In order to invoke this Court's diversity jurisdiction, the diversity statute requires diversity of citizenship of the parties and an amount in controversy in excess of $75,000.00. <u>See</u> 28 U.S.C. § 1332. Although plaintiff alleges diversity of citizenship between the parties, she has not satisfied the amount in controversy requirement.

The amount in controversy requirement is only satisfied by a plaintiff alleging a compensable loss of in excess of $75,000, unless it can be said to a legal certainty that plaintiff did not have a reasonable, good faith basis, at the time suit was commenced, to believe that the recovery would meet the jurisdictional threshold. <u>Coventry Sewage Associates v. Dworkin Realty</u>, 71 F.3d 1, 5-6 (1st Cir. 1995); <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 288-89 (1938). Applying this standard, it appears that plaintiff lacks a reasonable, good faith basis to believe that her recovery could exceed $75,000.

IV.    <u>Plaintiff's State Law Claims</u>

Because this action is subject to dismissal for the reasons stated above, <u>supra.</u>, ¶¶ II - III, grounds no longer exist for federal subject matter jurisdiction over plaintiff's state law claims. Under 28 U.S.C. § 1367, "district court may

decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims under which it has original jurisdiction." 28 U.S.C. § 1367(c); see Claudio-Gotay v. Becton Dickinson Caribe, Ltd., 375 F.3d 99, 104 (1st Cir. 2004) (citing Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir. 1995)("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims.").  Here, the Court will decline to exercise pendent jurisdiction over plaintiff's state law claims.

## CONCLUSION

Based upon the foregoing, plaintiff's complaint is subject to dismissal and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2) without further notice after thirty-five (35) days from the date of the accompanying Order, unless before that time plaintiff shows good cause, in writing, why her complaint should not be dismissed for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this 16th day of September, 2004.

                               s/ Nathaniel M. Gorton
                              NATHANIEL M. GORTON
                              UNITED STATES DISTRICT JUDGE