SCANNED
DATE: 10-5-04
BY:

UNITED STATES' DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
2004 OCT -5 P 12: 29
DISTRICT COURT
DISTRICT OF MASS

|  |  |
|---|---|
| JUNE NURSE - <br>     Plaintiff <br><br> vs. <br><br> SINGER & SERGER CENTER - <br>     Defendant | ) <br> ) CIVIL ACTION NUMBER: <br> ) 04-10537-NMG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### PLAINTIFF'S JURISDICTION SHOW CAUSE

The Plaintiff did receive the Court's Order in keeping with the head dated September 16th, 2004 on Wednesday – September 22nd – 2004 and postmarked September 17th. These would be the Plaintiff's serialized responses to the issues the Court raise to underscore its dismissal measure:

01) **Re: Subject Matter Jurisdiction**:

The Court had what it claimed that it lacked. [42 USC Section 1981; 15 USC Sections 9 and 12] What else would be needed to tenaciously established jurisdiction? The constitutional provision existed too – pursuit of property – and its deprivation should associate with substantive and procedural due process. The importance of Equal Protection Clauses would not be over-emphasized. The 11th Circuit in the case of *Alaron Trading Corp.* spelt out the three bases for federal courts' jurisdiction – (1) statutory provision, (2) federal question and (3) diversity of citizenship. The existence of only one of the three conditions meant that jurisdiction attached.

02) **Re: Diversity of Citizenship Jurisdiction:**

The existence of the head was unquestionable, but the Court trivialized it central to minimum entry requirement or jurisdiction amount of $75,000.00. The amount in controversy was not a mountainous problem. Massachusetts Law provided under Consumers' Protection – M.G.L.cs. 93 and 93A – for treble compensation.

The Plaintiff could reason that she aimed at using the machine to go into private business and she would have made more than that, *but for* the Defendant's interference with prospective economic advantages or negligence, the *expectation interest* was killed. The Plaintiff needed not to establish more than that, because the Defendant's propensity amounted to near-turpitude. Indeed, the commercial immorality defied logic and deserved no legal support, in any shape or form.

Punitive and compensatory award had been made for violation of impacts rule – intentional and negligent infliction of emotional distress. *Anticipatory breach* had been actionable too. More, there existed provision for intentional infliction of emotional distress without proof of physical harm. In that case, one needed not to be an Oedipus who aimed at knowing everything and realized that he was in love or married to his biological mother.

The Plaintiff's invocation of 42 USC Section 1985 could be withdrawn. Law had nothing to do with quantity theories of economics. In essence, the existence of one never meant that it did not exist in quantities, therefore, the one, which existed would be ignored. Indeed, there existed superfluous jurisdiction bases. Again, it would not be immoral for the Court to *fill the gap* given that the Plaintiff was ignorant about the law that applied. That remained a desideratum or needed, but lacked! Why?

If the Plaintiff cited 42 Section 1991 it was an honest mistake. The Plaintiff would have meant 42 USC Section 1981, which strictly lent itself to the case amongst others, at all material times.

The Plaintiff could not understand the rationale/s for the Court's discard of 28 USC Section 1337. [Exhibit 1]

The Plaintiff appreciated the 35-day opportunity or deadline to show cause – for the Court's exercise of [general] jurisdiction. The importance of "national contacts" with the sovereign – the United States – would not be over-emphasized. [Fed. R. Civ. P. 4 (e), (h) and (k)]

03) **Re: Plaintiff's State Law Claims:**

The Plaintiff agreed that the Court's exercise of supplemental jurisdiction was *directory* and not *mandatory*. Nonetheless, absent the State's law, there existed *sufficient* rather *adequate* federal law to ensure that "justice will be done and be seen to be done,"

at all material times. It was all about Equal Protection and Due Process Clauses. They should not be knowingly vitiated!

## CONCLUSION

On more scores than one, the Plaintiff had undoubtedly established that the case should not be dismissed as the Court threatened under the color of 'lack of jurisdiction.' The Court's jurisdiction had been proven majestically and irrefutably. Reiteratively, the Court had jurisdiction roundly and the Plaintiff prayed for non-dismissal of the case. That would amount to "conduct causing deprivation" and "intentional tort," which attracted no judicial immunity.

Respectfully submitted from on Monday – September 27th – 2004


JUNE NURSE,
Pro Se,
P. O. Box 1351,
Boston – MA 02117-1351.


## CERTIFICATE OF SERVICE

The Plaintiff did not serve the Defendant with a copy of the head, because of the Court's preemptive adjudicatory approach – the Plaintiff did submit her Complaint and naturally expected an Answer from the Defendant.

JUNE NURSE,
Pro Se.



**US CODE COLLECTION**



search

**TITLE 28 > PART IV > CHAPTER 85 > Sec. 1337.**

Prev | Next

Search this title:

Search Title 28

### Sec. 1337. - Commerce and antitrust regulations; amount in controversy, costs

**(a)**

The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: Provided, however, That the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

**(b)**

Except when express provision therefor is otherwise made in a statute of the United States, where a plaintiff who files the case under section 11706 or 14706 of title 49, originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $10,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of any interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.

**(c)**

The district courts shall not have jurisdiction under this section of any matter within the exclusive jurisdiction of the Court of International Trade under chapter 95 of this title

Notes
Updates
Parallel authorities (CFR)
Topical references

Prev | Next

© copyright    about us    send email

EXHIBIT 1